**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louchis FAULKNER, Defendant-Appellant.**

**No. 15442.**

United States Court of Appeals Seventh Circuit.

May 11, 1966.

Rehearing Denied June 14, 1966.

Doris Coonrod, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Patrick F. Healy, Lawrence Jay Weiner, Patrick J. Hughes, Asst. U. S. Attys., Chicago, Ill., Richard T. Sikes, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Louchis Faulkner, defendant, has appealed from a judgment of the district court, based on a jury verdict, convicting him under count II of an indictment, which charged him and Alex Gordon with a sale of narcotics on or about February 12, 1963 in violation of 26 U.S.C. § 4705(a). Faulkner's motion for a judgment of acquittal on count II was overruled by the court. Later his motion for a new trial was overruled and he was sentenced to imprisonment for a period of eight years.[1]

There was evidence tending to prove that Faulkner was observed by narcotics agent Connolly about 9 P.M. on January 28, 1963 in the company of Gordon, when those two men came out of a building at 6138 S. Stewart Ave., Chicago, Illinois, and got into Gordon's car. Faulkner was in the car while Gordon stopped to make a call at a public telephone, which was monitored by narcotics agent Gibson in the apartment of a Mrs. Satterfield and Joseph Felton, who were informers. Gordon said he would make delivery that night but he would call her back and

---

1. His co-defendant, Alex Gordon, was found guilty on each of four counts and sentenced to prison.

let her know the exact time and place thereof.

Gibson then called the Bureau of Narcotics in Chicago. At 11 P.M. another phone call came to the Satterfield apartment from Gordon, who said he would deliver at the same place at 11:30 that night.

Gibson again called the Bureau and then drove to 13th and Throop streets in "the informer's vehicle", a Chevrolet. About 11:30 P.M. a black 1955 Chrysler drove up and parked across the street and Gibson recognized Gordon. Gibson got out of the car and walked across the street to the driver's side and Gordon asked if Gibson had brought the money, receiving a reply "yes". He was told by Gordon to get into the car, and he did so. He then found Faulkner there also. When Gordon asked Gibson how much he had, Gibson said he did not know, that "she had given me the packet of money." He handed the money to Gordon who took it and handed a tin-foil package to Gibson, inside of which Gibson felt a powdery substance. Gibson rewrapped the package and Gordon told him to tell Iona (Mrs. Satterfield) that he would call later that night. Gordon also told Gibson that there was a little extra in the package, put there by Junior (referring to a Nolan Mack), because the previous package was short weight. Gordon then drove Faulkner to his residence at 6025 S. Harper Avenue.

About 6:30 P.M., on February 11, 1963, according to the evidence, Gibson met Gordon at a filling station. Gordon was again in company with Faulkner. Gibson told Gordon that "Sonny" had sent him. Thereupon Gordon told Gibson to follow him and Gordon and Faulkner led the way into the men's room and Gordon asked Gibson if he had the money. Then Gibson testified

" * * * and I said yes, and I took it out.

"He told me to put the money into Mr. Faulkner's pocket, jacket pocket.

"I placed the money in the pocket, *Mr. Faulkner walked out of the men's room*, and then Mr. Gordon, and then Mr. Gordon told me to go back to the hotel, and that he would call me and let me know when and where he was going to make delivery." (Emphasis supplied.)

██ In view of the verdict of the jury, the foregoing evidence must be viewed in a light most favorable to the government, United States v. Shaffer, 7 Cir., 291 F.2d 689, 691, 693 (1961), cert. denied 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed. 2d 130 (1961), reh. denied 368 U.S. 962, 82 S.Ct. 392, 7 L.Ed.2d 393 (1962). Faulkner was a participant with Gordon in meeting Gibson. He entered the men's room with them. The jury might justifiably infer that the money was visible to all three of the men before and as it was placed in Faulkner's pocket by Gibson at the direction of Gordon. With the money in his pocket, Faulkner walked out of the room and the premises with Gordon. Early on the morning of February 12, 1963, Gordon delivered to Gibson narcotics in an alley near 6044 South Parkway Avenue, Chicago. This evidence together with the other evidence in the case amply supports the jury's verdict. Thus, as we have stated, Faulkner was in Gordon's car, when the transaction of January 28, 1963 took place, sitting close to Gordon. On both occasions there was conversation about money and an amount of money changed hands in the presence of Faulkner.

██ We agree with government counsel when he says in his brief that Faulkner consciously shared in these criminal acts and is responsible therefor. It is not necessary that he should have been so charged in the indictment to be considered an aider and abettor. Nye & Nissen v. United States, 336 U.S. 613, 619, 620, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Shaffer, supra.

For these reasons, the judgment from which this appeal was taken is affirmed.

Judgment affirmed.