**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel SANDOVAL–VASQUEZ,
Defendant-Appellant.**

**No. 79–2155.**

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1980.

Decided April 25, 1980.

Ralph M. Schelly, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Antonio J. Curiel, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, BAUER, Circuit Judge, and BAKER, District Judge.*

PER CURIAM.

The defendant was convicted in the district court of selling counterfeit alien registration receipt cards in violation of 18 U.S.C. § 1426(b). He appeals to this court claiming that he was improperly convicted under the provisions of that statute and that properly, he could have been convicted only under 8 U.S.C. § 1306(d).

The issue presented for review is whether a person who sells counterfeit alien registration receipt cards sells a counterfeited instrument relating to the registry of aliens within the meaning of 18 U.S.C. § 1426(b). We hold that he does.

While the issue on appeal has not been decided heretofore by this court, it has been ruled upon by the United States Court of Appeals for the Ninth Circuit. In *United*

* Honorable Harold A. Baker, District Judge of the Central District of Illinois, is sitting by designation.

States v. Castillo-Felix, 539 F.2d 9 (9th Cir. 1976) the same contention was made as to 18 U.S.C. § 1426(a) which deals with the manufacture of counterfeit instruments related to the registry of aliens. The court held:

> We find the contention without merit that 18 U.S.C. § 1426(a) does not embrace the counterfeiting of an alien registration receipt card. 8 U.S.C. § 1302 requires aliens to register. 8 C.F.R. § 264.1(b) makes Form 1-151 evidence of such registration. The card is a paper authorized by law relating to the registry of aliens within 18 U.S.C. § 1426(a). That section does not, as defendant contends, relate solely to naturalization and citizenship.
>
> We find without merit the contention that, since 8 U.S.C. § 1306(d) is specific as to the counterfeiting of alien registration receipt cards, the prosecution should have been under it rather than under the more general provisions of 18 U.S.C. § 1426(a). It is the general rule that, where an act violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute. United States v. Brown, 482 F.2d 1359 (9th Cir. 1973). There is nothing in the legislative history to indicate that by the enactment of 8 U.S.C. § 1306(d) Congress intended to disallow the use of 18 U.S.C. § 1426(a). Cf. Kniess v. United States, 413 F.2d 752 (9th Cir. 1969).

Id. at 14.

We find the court's analysis persuasive and dispositive and adopt it as the ruling in this case.

The judgment below is affirmed.