UNITED STATES of America, Plaintiff-Appellee,

v.

Epigmenio GARCIA–GERONIMO, Defendant-Appellant.

No. 81–1296.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 6, 1981.

Decided Nov. 2, 1981.

Patrick A. Tuite, Chicago, Ill., for defendant-appellant.

Corella E. Henrichs, U. S. Atty., Chicago, Ill., for the U. S.

Before PELL, SPRECHER and BAUER, Circuit Judges.

PER CURIAM.

Defendant was convicted in the United States District Court for the Northern District of Illinois, Eastern Division, on two counts of an indictment [1] charging defendant with the uttering, selling and disposing of false, forged and counterfeited alien registration cards in violation of 18 U.S.C. § 1426(b), 2.

Prior to trial defendant moved for dismissal of the indictment claiming that the indictment failed to allege an essential element of 18 U.S.C. § 1426(b). Defendant's motion was denied. Defendant waived his right to a jury trial. At the close of the government's case the defendant moved for a judgment of acquittal. The defendant's motion was denied. At the close of all the evidence, the court found defendant guilty on counts one and three of the indictment. The defendant filed a motion in arrest of judgment, a motion for a new trial, and a motion for judgment of acquittal. These motions were denied. The defendant was sentenced on count one to six months work release, and on count three imposition of sentence was suspended and the defendant was placed on probation for two years. The defendant appeals his conviction alleging that the indictment is defective, as it fails to allege an essential element, and that the evidence was insufficient to support a conviction on count three.

## I

### Construction of 18 U.S.C. § 1426(b)

Defendant's first argument on appeal is that 18 U.S.C. § 1426(b), by its plain wording, makes unlawful "the uttering, selling or disposing of certain immigration documents, *as true and genuine*" (Defendant-Appellant *Brief* at 8) (emphasis in the original), that the true and genuine language must be read to modify each of the conjunctive acts. (Defendant-Appellant *Reply Brief* at 5), and that the doing of any of the acts specified in the statute is not a crime unless the acts were done as if the documents were true and genuine. "That is what the statute required. This indictment does not charge that. So this indictment does not charge a crime . . . This statute is geared for people who are in the business of passing off or selling green cards as if they are real and they are true and genuine . . ." [2] (Record at 8).

18 U.S.C. § 1426(b) provides in toto: "(b) whoever utters, sells, disposes of or uses as true or genuine, any false, forged, altered, antedated or counterfeited oath, notice, affidavit, certificate of arrival, declaration of intention to become a citizen, certificate or documentary evidence of naturalization or citizenship, or any order, record signature or other instru-

---

1. The indictment named Lucio Gonzalez as a co-defendant. Mr. Gonzalez pled guilty to counts one and three of the indictment; the government in turn dismissed count two which had only named Mr. Gonzalez as a defendant.

2. Green card is the colloquial for an alien registration receipt card.

ment, paper or proceeding required or authorized by any law relating to naturalization or citizenship or registry of aliens, or any copy thereof, knowing the same to be false, forged, altered, antedated or counterfeited; ..."

■ The reading of a statute must foremost be guided by the legislative purpose in enacting the statute. As the Supreme Court has stated "[i]f an absolutely literal reading of a statutory provision is irreconcilably at war with the clear congressional purpose, a less literal construction must be considered." *United States v. Campos-Serrano*, 404 U.S. 293, 298, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971). Defendant's suggested construction of the statute does not withstand close scrutiny.

■ By far most transactions involving the sale of forged and counterfeited alien registration cards (including the one involved in this case) occur where the seller and buyer know the card is forged and counterfeited.

In *United States v. Sandoval-Vazquez*, 620 F.2d 1200 (7th Cir. 1980), we held that defendant could be convicted under 18 U.S.C. § 1426(b) for the selling of counterfeit alien registration receipt cards. If "as true or genuine" modified each of the proscribed acts as defendant suggests, then a person could only be convicted for selling forged and counterfeited alien registration cards if he asserted that they were "true or genuine" when he sold them. We cannot imagine but the most absurd of transactions where a person sells a counterfeit alien registration card "as true or genuine." It would be nonsensical to interpret the statute as to construe the intent of Congress under 18 U.S.C. § 1426(b) to be that of convicting sellers of known forged and counterfeited alien registration cards who sold the cards "as true or genuine" but not to convict persons who blatantly sold the

known forged and counterfeited alien registration cards as forged and counterfeited without asserting they were true or genuine.

It is the intention of Congress under 18 U.S.C. § 1426(b) to prohibit all selling of false, forged, altered, antedated, or counterfeited alien registration cards whether sold as true or genuine or not. Our reading of 18 U.S.C. § 1426(b) that the words "as true or genuine" do not explicitly modify the acts of uttering, selling, or disposing of paper relating to citizenship or registry of aliens, finds support in the wording of 18 U.S.C. § 1546,[3] an analogous statute proscribing many of the same acts as under § 1426(b), without using the words "as true or genuine."[4]

We construe the "as true or genuine" language in 18 U.S.C. § 1426(b) as explicitly modifying only the proscribed use and not the uttering, sale and disposition of any false, forged, altered, antedated, or counterfeited paper relating to citizenship or registry of aliens. Thus the indictment followed the language of the statute.

## II

### *Validity of the Indictment*

■ Determining that the indictment followed the language of the statute is the beginning and not the end of our analysis since "[a]n indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him ... is defective although it may follow the language of the statute.' *United States v. Simmons*, 96 U.S. 360, 362, 24 L.Ed. 819. In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements neces-

---

3. 18 U.S.C. § 1546 provides, *inter alia*, that "... whoever, when applying for an immigrant or nonimmigrant visa, ... sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document...."

4. *United States v. Campos-Serrano*, 404 U.S. 293, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971) held that § 1546 covers only specialized entry documents and not alien registration receipt cards which are covered under other sections.

sary to constitute the offense intended to be punished ... *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135." *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962).

Defendant argues that "this indictment, without the essential element that what the defendant did involved the uttering, selling or disposing of these documents as 'true and genuine' is legally deficient ..." Defendant reasons that "it is not a crime if you just give away or dispose of (the known false forged and counterfeited alien registration cards). It is [only] a crime if you do it as if it were true and genuine ..." Defendant does not contend that he was misled or otherwise prejudiced by the lack of allegation in the indictment that he did the proscribed acts involving the forged alien registration cards "as true or genuine." Defendant rather asserts that the indictment without the "essential element" of as true or genuine "does not charge a crime." [5]

▇ The Fifth Amendment's guarantee of the right to indictment by a grand jury and its bar to double jeopardy, and the Sixth Amendment's guarantee that the defendant be informed of the charge against him require that for an indictment to be valid it must contain the elements of the offense intended to be charged and it must sufficiently apprise the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, the record must show with accuracy to what extent he may plead a former acquittal or conviction. The indictment must also inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. *Russell*, 369 U.S. at 763, 764, 768, 82 S.Ct. at 1046, 1047, 1049 (1962); *Hagner v. United States*, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932); *United States v. Dixon*, 596 F.2d 178, 180 (7th Cir. 1979); *United States v. Ray*, 514 F.2d 418, 421–22 (7th Cir. 1975).

In determining whether an essential element of the crime has been omitted from the indictment, courts will not insist that any particular word or phrase be used. *United States v. Weatherspoon*, 581 F.2d 595, 600 (7th Cir. 1978).

▇ Of course it is conceivable as defendant argues that an individual may "dispose" of a counterfeit alien registration card by turning it in to the Department of Immigration. But the defendant is mistaken in his view that the statute must be construed

---

**5.** Because one of the claims advanced by the defendant for reversal of the conviction is that the indictment is fatally defective, we quote the full text of the indictment:

*Count One*
"The September 1980 Grand Jury charges: On or about May 3, 1980, at Chicago, in the Northern District of Illinois, Eastern Division, Lucio Gonzalez, defendant herein, did utter, sell, dispose of the following false, forged and counterfeited paper required and authorized by the laws relating to registry of aliens, to wit:

One counterfeit alien registration receipt card, Number A35 834 210 in the names of Porfirio Rodriquez-Vera;

Knowing the same to be false, forged and counterfeited; In violation of Title 18, United States Code, Section 1426(b); and Epigmenio Garcia-Geronimo, defendant herein, knowing the foregoing, did aid and abet the commission of the aforementioned offense by defendant Lucio Gonzalez; In violation of Title 18, United States Code, Section 1426(b) and 2."

*Count Three*
"The September 1980 Grand Jury further charges:

On or about July 7, 1980, at Chicago, in the Northern District of Illinois, Eastern Division, Epigmenio Garcia-Geronimo, defendant herein, did utter, sell and dispose of the following false, forged and counterfeited paper required and authorized by the laws relating to registry of aliens, to wit:

One counterfeit alien registration receipt card, Number A36 498 576 in the name of Alfredo Dominquez-Alvarez; knowing the same to be false, forged and counterfeited;

In violation of Title 18, United States Code, Section 1426(b); and Lucio Gonzalez, defendant herein, knowing the foregoing did aid and abet the commission of the aforementioned offense by defendant Epigmenio Garcia-Geronimo;

In violation of Title 18, United States Code, section 1426(b) and 2."

to contain an express allegation that it is the disposing of the card as "true or genuine" that is proscribed otherwise an individual would be held criminally liable under the statute for disposing of the card at the Department of Immigration. It is obvious that Congress did not intend to constitute such actions a felony. *Dixon*, 596 F.2d at 181. Defendant takes the words "dispose of" in the indictment as meaning to get rid of. However, that is but one meaning of "dispose of" and we do not believe Congress intended these words to have that meaning under 18 U.S.C. § 1426(b). We believe that Congress intended the words "dispose of" under 18 U.S.C. § 1426(b) to mean to direct or assign for an illegal use,[6] making criminal intent an element of the proscribed act. And thus the use of "dispose of" in the indictment served to charge the defendant by necessary implication with the essential element of a criminal intent. The criminal intent required under 18 U.S.C. § 1426(b) may be alleged "in any form" which substantially states it. *Weatherspoon*, 581 F.2d at 600, citing *Hagner*, 285 U.S. at 433, 52 S.Ct. at 419.

▆▆ The allegation of criminal intent is also necessarily implied from the other words used in the indictment. *Dixon*, 596 F.2d at 180. The indictment alleged that the defendant committed the crime of uttering proscribed by 18 U.S.C. § 1426(b). The crime of uttering requires proof that defendant put forth a false alien registration card, some attempt to circulate the false card by means of a fraudulent representation that it is genuine and proof of defendant's intent to defraud. *United States v. Eddy*, 597 F.2d 430, 432 (5th Cir. 1979); *United States v. Brown*, 495 F.2d 593, 597 (1st Cir. 1974).

▆ Criminal intent is also alleged in the allegation in count one of the indictment that defendant "did aid and abet the commission of the aforementioned offense" by codefendant. The crime of aiding and abetting proscribed by 18 U.S.C. § 2[7] requires proof that the defendant associates himself with a criminal venture, participates in it as in something he wishes to bring about and seeks by his actions to make it succeed. *Nye & Nissin v. United States*, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1947). "To prove association, there must be evidence to establish that the defendant 'shared in the criminal intent of the principal.' *United States v. Smith*, 546 F.2d 1275 (5th Cir. 1977). To prove participation, there must be evidence to establish that the defendant engaged in some affirmative conduct; that is, there must be evidence that defendant committed an overt act designed to aid in the success of the venture." *Eddy*, 597 F.2d at 433. "The word abet contains within it an implication of guilty knowledge on the part of the participant." *Grant v. United States*, 291 F.2d 746, 749 (9th Cir. 1961).

▆ The test for determining the sufficiency of the indictment is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial. *United States v. Jeffers*, 532 F.2d 1101, 1112–13 (7th Cir. 1976), *aff'd in part, vacated in part on other grounds sub nom. Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). "The sufficiency of the indictment is not a question of whether it could have been made more definite and certain." *United States v. Debrow*, 346 U.S. 374, 378, 74 S.Ct. 113, 115, 98 L.Ed. 92 (1953); *Hagner*, 285 U.S. at 431, 52 S.Ct. at 419. Unlike *United States v. Wabaunsee*, 528 F.2d 1 (7th Cir. 1975), the counts of the indictment in the instant case clearly set forth the elements of the offense charged, the identi-

---

**6.** Webster's Third New International Dictionary gives as one of the meanings of "dispose of"; "assign to a use: bestow for a purpose."

**7.** 18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal. 18 U.S.C. § 2.

fying characteristics of the false, forged, and counterfeited alien registration cards, the time of defendant's conduct which violated the offense charged, and citation to the statutes allegedly violated. This information, we hold, was sufficient to apprise the defendant of the charges against him and enable him to prepare for trial, *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978), and to plead the judgment in bar of any further prosecution for the same offense. *Debrow, Supra.*

## III

### *Sufficiency of the Evidence as to Defendant's Conviction on Count Three*

Defendant alleges that the evidence at trial[8] was insufficient to convict him on count three as "there is no evidence that defendant knew that the envelope contained the registration card." We find the evidence clearly sufficient under our standard of review to sustain defendant's conviction of disposing of the false, forged and counterfeited paper specified in count three of the indictment.[9]

Our standard of review requires us to "sustain the fact-finder's verdict on appeal if, viewing the evidence in light most favorable to the Government, a rational trier of fact could have found from the evidence and inferences drawn therefrom that the defendant was guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S.

60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Faulkner*, 360 F.2d 880, 881 (7th Cir. 1966)." *Roya*, 574 F.2d at 394.

"Criminal intent is often difficult to demonstrate by direct proof, it may be inferred from the attendant facts and circumstances. *United States v. Groomer*, 596 F.2d 356, 358 (9th Cir. 1979)." *United States v. Beck*, 615 F.2d 441, 449 (7th Cir. 1980). The court may scrutinize the entire conduct of the defendant at or near the time when the false, forged and counterfeited paper was passed. An act of similar nature may be shown as indicative of defendant's knowledge and intent to dispose of the "alien registration receipt card" in violation of 18 U.S.C. § 1426(b). *United States v. Kelley*, 186 F.2d 598 (7th Cir. 1951), *cert. denied*, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951).

We believe there is sufficient evidence in the transcript to support the trial court's conviction of the defendant on count three.[10] Based on prior conversations between the defendant and the government's agent, and based on conversation the co-defendant had with the agent in the presence of the defendant, the trial court was justified in concluding that when the agent asked the defendant for the document he was referring to the false, forged and counterfeited alien registration receipt card specified in count three of the indictment. There is sufficient support in the transcript

---

**8.** The defendant waived his right to a trial by jury (Tr. at 45–45).

**9.** Under 18 U.S.C. § 1426(b) a person need only commit any one of the acts proscribed in order to be found guilty of violating the statute, therefore since we find the defendant did the act of disposing it is unnecessary for us to decide if the defendant did the acts of uttering or sale.

**10.** The trial transcript shows that during their initial meeting the government agent informed the defendant that he was in the country illegally and that he needed the green card. Defendant informed the agent of the price for the forged card and that he would need photographs and the agent's date of birth. Defendant introduced the agent to co-defendant as saying "there is the fellow that makes the cards, Lucio Gonzalez." Regarding the trans-

action for which the defendant was convicted on count three, the trial transcript shows that the defendant was present during the agent's conversation with co-defendant at which time the agent gave the co-defendant the money, photograph, and biographical data needed to make the "card" specified in count three. The co-defendant then told the agent to return and pick up the card from defendant. Co-defendant then told the defendant that the agent would return in a few days to pick up the document. The trial transcript shows that on the date specified in count three, the agent, per usual practice went to defendant's place of business and asked the defendant if the "document was there." Defendant nodded his head in the affirmative and went to the cash register and brought "the document" to the agent in an envelope. (Tr. 58–59, 79–81).

that the defendant possessing the requisite criminal intent [11] did dispose of the false, forged and counterfeited alien registration receipt card specified in count three of the indictment.

For the reasons stated herein, the defendant's conviction on all counts is AFFIRMED.

---

11.   See text accompanying note 6 *supra*.