**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raquel Elvira RAMIREZ,
Defendant-Appellant.**

No. 81–2271
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 8, 1982.

J. Ronald Vercher, Houston, Tex., for defendant-appellant.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GEE, Circuit Judge:

Appellant Ramirez was indicted on three counts of violating 18 U.S.C. § 1426(b), which provides in pertinent part "Whoever utters, sells, disposes of or uses as true or genuine, any false . . . or counterfeited . . . certificate or documentary evidence of naturalization or citizenship . . . knowing the same to be false. . . ." shall be fined and/or imprisoned for not more than five years. The indictment charged, in pertinent part, that Ramirez knowingly sold false and counterfeited Texas birth certificates, "*as true and genuine*," to three Mexican aliens. (emphasis added). After the close of the government's evidence, appellant moved for a judgment of acquittal, asserting that the government had failed to prove its case on any count because each of the witnesses who purchased the birth certificates from her stated that they knew the certificates were not true and genuine evidence of their birth. The court denied appellant's motion, permitted the government to strike from the indictment as surplusage the phrase "as true and genuine," and instructed the jury accordingly. Her conviction on all counts followed. Appellant claims on appeal that the court violated her fifth amendment right to be tried only on charges returned by a grand jury. She also challenges the sufficiency of the evidence to support her conviction.

The fifth amendment guarantees a criminal defendant the right to be tried only on charges presented in an indictment returned by a grand jury. *See Stirone v. United States*, 361 U.S. 212, 217–18, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *United States v. Carroll*, 582 F.2d 942, 944 (5th Cir. 1978). The purpose of this requirement is to prevent court or prosecutor from substituting his judgment for that of the grand jury and also to insure that the accused is adequately informed of the charges against him so that he will be protected against double jeopardy. *Stirone*, 361 U.S. at 218, 80 S.Ct. at 273–74; *Carroll*, 582 F.2d at 944. It is reversible error *per se* to amend an indict-

ment without resubmission to the grand jury, if it is possible that the accused will be tried and convicted of a crime other than that alleged in the indictment. *See Stirone,* 361 U.S. at 219, 80 S.Ct. at 274; *United States v. Ylda,* 653 F.2d 912, 914 (5th Cir. 1981); *Carroll,* 582 F.2d at 944–45.

In the present case appellant claims that she was prepared to defend against the offense originally charged, the sale of false and counterfeit birth certificates that were by her misrepresented as true and genuine to their purchasers. Her defense was based on the fact that there was no misrepresentation involved in the sales, that her customers knew her wares were spurious. The striking of the phrase "as true and genuine" eliminated an element of the crime, she claims, and effectively wiped out her defense, permitting her conviction of the sale of the counterfeit certificates where no misrepresentation as to their genuineness by her took place.

The United States retorts that the amendment was proper because it merely changed the indictment to reflect the correct interpretation of § 1426(b): that "as true and genuine" modifies only "uses" but not "utters, sells or disposes of." Its interpretation is correct. *United States v. Garcia-Geronimo,* 663 F.2d 738, 740–41 (7th Cir. 1981). Indeed, it would be nonsensical to interpret the statute as denouncing the crime of selling to another as genuine a certificate proving that he was born somewhere that he well knows—by hearsay, to be sure—he was not. As the Seventh Circuit correctly observed in *Garcia-Geronimo, supra* at 741:

> In *United States v. Sandoval-Vazquez,* 620 F.2d 1200 (7th Cir. 1980), we held that defendant could be convicted under 18 U.S.C. § 1426(b) for the selling of counterfeit alien registration receipt cards. If "as true and genuine" modified each of the proscribed acts as defendant suggests, then a person could only be convicted for selling forged and counterfeited alien registration cards if he asserted that they were "true or genuine" when he sold them. We cannot imagine but the most

absurd of transactions where a person sells a counterfeit alien registration card "as true or genuine." It would be nonsensical to interpret the statute as to construe the intent of Congress under 18 U.S.C. § 1426(b) to be that of convicting sellers of known forged and counterfeited alien registration cards who sold the cards "as true or genuine" but not to convict persons who blatantly sold the known forged and counterfeited alien registration cards as forged and counterfeited without asserting they were true or genuine.

> It is the intention of Congress under 18 U.S.C. § 1426(b) to prohibit all selling of false, forged, altered, antedated, or counterfeited alien registration cards whether sold as true or genuine or not. Our reading of 18 U.S.C. § 1426(b) that the words "as true or genuine" do not explicitly modify the acts of uttering, selling, or disposing of paper relating to citizenship or registry of aliens, finds support in the wording of 18 U.S.C. § 1546, an analogous statute proscribing many of the same acts as under § 1426(b), without using the words "as true or genuine."

> We construe the "as true or genuine" language in 18 U.S.C. § 1426(b) as explicitly modifying only the proscribed use and not the uttering, sale and disposition of any false, forged, altered, antedated, or counterfeited paper relating to citizenship or registry of aliens. (footnotes omitted)

The United States therefore contends that the "as true and genuine" language was merely surplusage and that its deletion did not alter or amend the substance of the indictment, since surplusage can be deleted from an indictment so long as the indictment still charges an offense which was originally contemplated by the indictment as returned. *United States v. Prior,* 546 F.2d 1254, 1257 (5th Cir. 1977); *United States v. Musgrave,* 483 F.2d 327, 338 (5th Cir. 1973), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973). We agree. The grand jury cannot have intended to accuse Ramirez only on condition that she

made whimsical representations to those who knew they could not be true. The deleted language was no more requisite to charging the "selling" offense denounced by 18 United States Code Section 1426(b) than would have been an added assertion that appellant sold the forged documents "while wearing a green hat."[1]

■ We agree with appellant's second point, however, that the evidence is insufficient to support her conviction on Count One of the indictment, for which she received both a fine and a term of years to be served concurrently with those imposed on the other two counts. Her conviction on Count One is REVERSED. Those on Counts Two and Three are AFFIRMED. It is so

ORDERED.

---

1. Nor do we contemplate a fact situation in which appellant might have gone to trial in the reasonable belief that she possessed a valid defense to the crime as charged and so might have been unfairly surprised by the deletion. As we note in text, it would be nonsensical to require proof that defendant represented to her customers that which both knew to be untrue, or to believe that such proof were required for conviction.