In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1368

United States of America,

Plaintiff-Appellee,

v.

David Daniel Anderson,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00 CR 61--Barbara B. Crabb, Chief Judge.

Argued November 27, 2001--Decided February 12, 2002


   Before Bauer, Harlington Wood, Jr. and
Manion, Circuit Judges.

   Bauer, Circuit Judge.  A jury convicted
David Daniel Anderson of possessing
images of child pornography on a computer
hard drive that had been transported in
interstate commerce. He appeals the
sufficiency of the indictment. For the
reasons set forth below, we find the
indictment sufficient to uphold
Anderson's conviction and sentence.

BACKGROUND

   On November 8, 1998, in the course of an
investigation regarding the internet
transmission of child pornography,
customs agents searched the home of David
Anderson and seized his computer, storage
disks and other items. The agents
discovered several images of child
pornography on Anderson's computer hard
drive. Anderson voluntarily informed the
agents that he possessed up to 1,000
images of child pornography, that he sent
and received these images over the
internet and that he stored most of his
pornographic material on his F drive.
Anderson also told the agents that he
knew it was illegal to possess child
pornography.

   On July 19, 2000, a federal grand jury
returned a two-count indictment against
Anderson. Count One charged Anderson with

possession of child pornography in violation of 18 U.S.C. sec. 2252A(a)(5)(B). In particular, the indictment stated:

That on or about November 10, 1998, within the Western District of Wisconsin, the defendant David Daniel Anderson, a/k/a "whisper," a/k/a "nightwatchman@ usa.net," did knowingly possess a material, that is a computer hard drive, that contained one or more images of child pornography, as that term is defined by Title 18, United States Code, Section 2556(8), that hard drive having been previously shipped and transported in interstate commerce and which was produced using materials which had been shipped and transported in interstate or foreign commerce.

Count Two of the indictment charged Anderson with forfeiture of the computer equipment and storage media used to possess child pornography, pursuant to 18 U.S.C. sec. 2253.

In November of 2000, Anderson was tried by a jury. At trial, a customer service representative for Western Digital testified for the government that the Western Digital hard drive found in Anderson's computer was previously transported in interstate commerce since it was manufactured in Malaysia and later refurbished in Singapore before it was shipped to the United States. The government also introduced considerable evidence that Anderson had downloaded or copied numerous child pornography images using his hard drive. Anderson also testified that he often downloaded sexually explicit pictures, saving them to his computer hard drive.

At the close of the evidence, the court instructed the jury, among other things, that to sustain the charge of possession of images of child pornography on a computer hard drive, the government must prove:

(1) That on or about the date charged in Count One, the defendant possessed a computer hard drive which contained images of child pornography; (2) the defendant knew there were images of child pornography on his computer hard drive; and (3) the defendant's computer hard drive had previously been transported in

interstate commerce or had been produced using materials that had been shipped or transported in interstate or foreign commerce.

Anderson did not object to the jury instructions concerning the elements of the charge. He was convicted and subsequently sentenced to 60 months imprisonment followed by 3 years of supervised release. Anderson made no post-verdict motion for judgment of acquittal challenging the indictment. This appeal followed.

DISCUSSION

On appeal, Anderson argues that his indictment was insufficient because it failed to adequately charge the crime for which he was ultimately convicted. In particular, Anderson asserts that the indictment was defective in that it charged only that his computer hard drive "contained" images of child pornography even though the criminal statute requires proof that his computer hard drive "produced" such images. We review a challenge to the sufficiency of an indictment de novo. United States v. Torres, 191 F.3d 799, 805 (7th Cir. 1999).

The Fifth Amendment guarantees the right to an indictment by grand jury and serves as a bar to double jeopardy, while the Sixth Amendment guarantees that a defendant be informed of the charges against him. United States v. Hinkle, 637 F.2d 1154, 1157 (7th Cir. 1981). These constitutional mandates establish three minimum requirements for an indictment. First, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000).

In setting forth the offense, the indictment should generally "track" the words of the statute itself, "so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." Id. It is required, at a minimum, that an

indictment provide the defendant with some means of "pinning down the specific conduct at issue." Id. The absence of any particular fact is not necessarily dispositive of the issue. Id. Further, we review indictments "on a practical basis and in their entirety, rather than in a hypertechnical manner." Id. (internal citations omitted).

Anderson did not challenge the indictment in the district court. A defendant may first challenge the sufficiency of an indictment at any time during the pendency of the proceedings, including on appeal. Fed. R. Crim. P. 12(b)(2). However, if an indictment has "not been challenged in the trial court, it is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction." United States v. Smith, 223 F.3d 554, 571 (7th Cir. 2000). Absent extraordinary circumstances, "tardily challenged indictments should be construed liberally in favor of validity." Smith, 230 F.3d at 306 n. 3.

Applying these standards, while we agree with Anderson that the indictment in the instant case is flawed, we do not find it is so deficient that it must now be set aside. Section 2252A(a)(5)(b) states that any person who "knowingly possesses . . . material that contains an image of child pornography . . . that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including a computer, shall be punished." 18 U.S.C. sec. 2252A(a)(5)(b) (emphasis added). Anderson is correct that the indictment should have charged that his hard drive actually produced the pornographic images, rather than stating only that the computer contained the images. However, we have consistently held that "in determining whether an essential element of the crime has been omitted from the indictment, courts will not insist that any particular word or phrase be used." United States v. Garcia-Geronimo, 663 F.2d 738, 742 (7th Cir. 1981); Smith, 223 F.3d at 572. Because we review indictments liberally at this stage in the proceedings, we do not find that the failure to reference the specific production of the pornographic images on the hard drive renders the indictment so deficient that it must now be set aside.

At trial, the government established the jurisdictional element of 18 U.S.C. sec. 2252A(a)(5)(b) with testimony that the hard drive had previously been transported in interstate commerce. Additionally, the government proved by overwhelming evidence that Anderson downloaded or copied the images of child pornography using his computer hard drive. Anderson's own testimony bolstered the government's proof of this fact. Computerized images are produced when computer equipment is used to copy or download the images. United States v. Angle, 234 F.3d 326, 341 (7th Cir. 2000). The government's evidence that Anderson downloaded such images satisfies 18 U.S.C. sec. 2252A(a)(5)(b), which requires that a hard drive produce the illegal images. Id. Thus, all the elements of the offense were established at trial.

Because Count One of the indictment stated that Anderson's hard drive contained the pornographic images, it ad equately set forth the elements of the intended crime. This notified Anderson of the particular conduct at issue, thereby enabling him to prepare his defense. See, e.g., Smith, 230 F.3d at 306. A reasonable review of the indictment would sufficiently inform Anderson of the nature of the charges filed against him. Accordingly, the constitutional mandates for an indictment were met.

CONCLUSION

We find that Anderson's indictment was legally sufficient and therefore, we AFFIRM his conviction and sentence.