In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3018

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALEX MCLECZYNSKY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 723—**Joan B. Gottschall**, *Judge.*

ARGUED MAY 17, 2002—DECIDED JULY 24, 2002

Before BAUER, POSNER and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* A federal grand jury returned a superseding indictment charging defendant-appellant, Alex McLeczynsky, with four counts of RICO and Hobbs Act violations. Following a jury trial, McLeczynsky was found guilty on three of the four counts. The district court sentenced McLeczynsky to a total term of thirty (30) months. McLeczynsky appeals his conviction and sentence, arguing that Count Two of the indictment inadequately stated the subject offense and that the government referred to his failure to testify in closing argument. Because each of these arguments is without merit, we AFFIRM.

**Background**

On April 11, 2000, a grand jury returned a superseding indictment charging McLeczynsky with violations of 18 U.S.C. § 1962(d) (RICO conspiracy, Count I); 18 U.S.C. § 1951 (Hobbs Act conspiracy, Count II); and 18 U.S.C. §§ 1951, 1952 (substantive Hobbs Act violations, Counts III and IV). The charges and subsequent conviction stem from his involvement in a conspiracy to extort money from un-qualified applicants for the fraudulent issuance of commer-cial driver's license ("CDL") permits by employees of the Illinois Secretary of State driver's license facility in Mel-rose Park.

McLeczynsky began actively participating in the con-spiracy in 1998, while working as a driving instructor at Viking Driving School in Elk Grove Village, Illinois ("Vi-king"). Viking shared use of its facilities with two other driving schools, Mega Driving School ("Mega") and Vistula Driving School. Throughout 1997 and 1998, McLeczyn-sky had repeated contact with a former student, Janusz Krzyzak, who was then working as a driver instructor at Mega.

In the spring of 1998, Krzyzak informed McLeczyn-sky that it was possible for applicants who could not legitimately obtain CDL permits to get their permits by paying cash bribes to certain employees of the Illinois Secretary of State. After receiving this information, Mc-Leczynsky approached Krzyzak to tell him about some applicants who were willing to pay money in order to ob-tain their CDL permits. At the time of this initial encoun-ter, Krzyzak responded that the Secretary of State em-ployees with whom he was connected were not currently "accepting applicants."

Sometime in late May or early June of 1998, Krzyzak informed McLeczynsky that the Secretary of State em-ployees were once again accepting applicants. In June, Mc-

Leczynsky told Krzyzak that he had applicants who were ready to pay money to obtain permits. In turn, Krzyzak told McLeczynsky that he needed $600 to pass on to a Secretary of State employee, and that he and McLeczynsky could split whatever additional money McLeczynsky was able to extort from the applicants. Operating under these general terms, McLeczynsky and Krzyzak arranged for a total of approximately five unqualified applicants to pay bribes to Secretary of State employees in exchange for fraudulently issued CDL permits from June to September of 1998.

## Discussion

### A) Sufficiency of the Indictment

We review the sufficiency of an indictment *de novo*. An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). Additionally, when determining the sufficiency of an indictment, we look at the contents of the subject indictment "on a practical basis and in [its] entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citations omitted).

McLeczynsky argues that Count II (Hobbs Act conspiracy) of the indictment at issue here is insufficient because it alleged that he was liable as an agent for private individuals who cannot be found guilty of extortion under the Hobbs Act. The Hobbs Act defines extortion as the "obtaining of property from another with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or *under color of official right*." 18 U.S.C. § 1951 (emphasis added). Thus, to survive the test of suf-

ficiency, the superseding indictment must allege that Mc-Leczynsky conspired with, aided and abetted extortion by a public official. *See United States v. McClain*, 934 F.2d 822, 826-27 (7th Cir. 1991) (private individual may be charged with and convicted of extortion under color of official right if that individual conspired or acted in coordination with public officer). The indictment contains these requisite allegations.

When read in its entirety and including the incorporated allegations from Count I, Count II describes in great detail McLeczynsky's role as an intermediary between bribe payors and payees who, for personal profit, participated in a scheme by which corrupt Secretary of State employees obtained cash payments in exchange for their assistance in issuing fraudulent CDL permits to unqualified applicants. While McLeczynsky's role as an intermediary may properly be characterized as that of a "double agent," it is the nature of his relationship with the Secretary of State employees, not those private individuals who paid cash for a fraudulent CDL permit, that matters for purposes of determining his potential and ultimate liability under the Hobbs Act. *See McClain*, 934 F.2d at 827 (intermediary between private individuals and public officers in illegal extortion scheme may be liable as co-conspirator); *see also United States v. Wright*, 797 F.2d 245, 252-53 (5th Cir. 1986), *cert. denied*, 481 U.S. 1013 (1987) (participant in communicating, negotiating and collecting extortion demand properly charged with aiding and abetting under Hobbs Act). As Count II alleges that McLeczynsky acted in coordination with public officers employed by the Illinois Secretary of State in extorting money from unqualified CDL applicants, its terms sufficiently set forth a Hobbs Act violation.[1]

---

[1]  Ordinarily, in determining the sufficiency of an indictment, we will not insist that any particular word or phrase be used. *See*,

(continued...)

*B) Propriety of Prosecutor's Closing Argument*

We review both the district court's denial of McLeczynsky's motion for a mistrial and its decision to allow the prosecutor's comments during closing argument to stand for an abuse of discretion.[2]

In his motion for a new trial, McLeczynsky challenged the following remarks made by the prosecutor during the government's opening summation:

> Now, it's absolutely true, and it is always the case that the burden of proof rests rights [sic] here at this table throughout the whole trial. But you know Mr. Durkin and Mr. Blegen [defense counsel], they spent a lot of time cross-examining witnesses, they spent a lot of time asking a lot of questions, and they even put in some exhibits and a stipulation about Ms. Fajdich, so they did put in some evidence. So the question is, ladies and gentlemen: What is the defense to this overwhelming evidence of the defendant's knowing involvement?

Trial Transcript, vol. 9, 1814. McLeczynsky argues that these comments improperly shifted the burden of proof by alluding to his failure to testify, thereby violating his Fifth Amendment rights.

---

[1] (...continued)
*e.g.*, *United States v. Smith*, 223 F.3d 554, 572 (7th Cir. 2000); *United States v. Garcia-Geronimo*, 663 F.2d 738, 742 (7th Cir. 1981). Nonetheless, we note our belief that the government's inclusion of the allegation that McLeczynsky acted as an "agent" of the extortion victims in the second paragraph of Count II, though not a deficiency warranting reversal, was flawed.

[2] The government does make the argument that McLeczynsky forfeited his objection to the challenged remarks, which would result in plain error review. *United States v. Linwood*, 142 F.3d 418, 422-23 (7th Cir. 1998). After reviewing the record, we find no forfeiture.

In denying McLeczynsky's motion, the district court found that to the extent that the prosecutor attempted to shift the burden of proof, any potential prejudice was immediately cured by the court's admonition to the jury about the proper placement of the burden of proof. We agree with this assessment.

## Conclusion

The conviction and sentence of the defendant-appellant, Alex McLeczynsky, is AFFIRMED.

A true Copy:

       Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*