**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4391**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER SCOTT CALEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., Senior District Judge. (8:05-cr-01270-GRA-1)

Submitted: December 2, 2009      Decided: December 14, 2009

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher S. Caley was sentenced to time served following his conditional guilty plea on remand to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2006). On appeal, Caley challenges the district court's denial of his motion to dismiss his indictment for lack of jurisdiction.

We review "de novo the district court's denial of a motion to dismiss an indictment where the denial depends solely on questions of law." United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Section 2252A(a)(5)(B) prohibits "[a]ny person" from:

> knowingly possess[ing] any book, magazine, periodical, film, videotape, computer disk, or any other material . . . that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.[*]

---

[*] On October 13, 2008, one day before the superseding indictment was filed, § 2252A(a)(5)(B) was amended to forbid "[a]ny person" from "knowingly possess[ing], or knowingly access[ing] with intent to view" the prohibited material, and expanding the language concerning interstate or foreign commerce. 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2009). To avoid any ex post facto implications, assessment of Caley's conviction is made under the pre-amendment language of the statute. See Weaver v. Graham, 450 U.S. 24, 28 (1981) (defining an ex post facto law as "any law which imposes a punishment for an act which was not punishable at the time it was committed" (internal quotation marks omitted)).

There is no dispute that Caley possessed material containing images of child pornography. Rather, Caley argues the interstate or foreign commerce requirement of § 2252A(a)(5)(B) could not be satisfied because there was no evidence that the pornographic images were produced on materials that had been transported interstate. Caley's assertion lacks merit. The indictment clearly charged Caley with possessing images he had stored on his computer. We find that the pornographic images were "produced" for purposes of § 2252A(a)(5)(B) when they were copied to Caley's computer. See United States v. Schene, 543 F.3d 627, 638-39 (10th Cir. 2008); United States v. Anderson, 280 F.3d 1121, 1125 (7th Cir. 2002); United States v. Guagliardo, 278 F.3d 868, 871 (9th Cir. 2002). We find the indictment was clearly adequate.

Accordingly, we affirm Caley's conviction and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3