**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Karen L. HINKLE, Defendant-Appellant.**

**No. 80–1452.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1980.

Decided Jan. 13, 1981.

William C. Evers, III, Collinsville, Ill., for defendant-appellant.

Clifford J. Proud, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, WISDOM, Senior Circuit Judge,* and CUMMINGS, Circuit Judge.

* Senior Circuit Judge John M. Wisdom of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

FAIRCHILD, Chief Judge.

Appellant was charged in a multi-count indictment for various drug offenses, and the jury found her guilty on all but one count.[1] She was given concurrent sentences under the Youth Corrections Act, 18 U.S.C. § 5010(b). On appeal, she alleges that six counts of her indictment were fatally defective because they failed to allege a specific felony. She also argues that the district court judge should have granted her motion for acquittal because the government failed to prove beyond a reasonable doubt that she was not entrapped. We agree with the appellant that six counts of her indictment failed to charge her with a specific offense. We vacate the convictions and the sentences based on those six counts, but affirm as to the remaining counts.

### I.

Counts VIII, X, XI, XII, XIII and XIV charged appellant with using a telephone to facilitate acts constituting a felony under 21 U.S.C. § 841(a)(1). These counts were all identical, except for the date, and read as follows:

> On or about the 30th day of August, 1979, in St. Clair County, in the Southern District of Illinois, KAREN L. HINKLE, defendant herein, did knowingly and intentionally use a communication facility, that is, a telephone, to facilitate acts constituting a felony under Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 843(b).

21 U.S.C. § 841(a)(1) provides:

> (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

21 U.S.C. § 843(b) states:

> (b) It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

Thus, these six counts charged appellant with knowingly and intentionally using a telephone, on six different days, to facilitate the manufacture, distribution, dispensation or possession with intent to manufacture, distribute or dispense some controlled substances. These counts did not specify which of the over one hundred and forty-two controlled substances specified in 21 U.S.C. § 812[2] appellant may have discussed over the telephone on any given day, nor did they specify which type of acts, constituting a felony, were facilitated. Prior to trial, appellant filed a motion to dismiss these charges for failure to state a cause of action. The court denied the motion. The government did not provide a bill of particulars, which in any event would not have cured this deficient indictment.

---

1. Count 1 charged appellant with conspiracy to distribute quantities of cocaine and methamphetamine, in violation of 21 U.S.C. § 846.

   Counts 2 and 3 charged appellant with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

   Counts 4 and 5 charged appellant with travel in interstate commerce from Illinois to Missouri to promote the unlawful activity of distribution of cocaine in violation of 18 U.S.C. §§ 1952 and 2.

   Counts 6 and 7 charged appellant with distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

   Counts 8 and 10 through 14 charged appellant with unlawful use of a communication facility in violation of 21 U.S.C. § 843(b).

2. *See* Initial schedules of controlled substances, 21 U.S.C. § 812(c) (1976).

■ The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar, and the Sixth Amendment's guarantee that a defendant be informed of the charges against him establish two minimum requirements for an indictment. The indictment must adequately apprise a defendant of the charge against him so that he can prepare his defense. Furthermore, it must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–1047, 8 L.Ed.2d 240 (1962); *United States v. Ray*, 514 F.2d 418, 422 (7th Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975). Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). The six telephone counts of the indictment at issue here fail to meet these minimal constitutional standards.

The government argues that these six counts of the indictment meet the constitutional test because they are framed in the language of 21 U.S.C. § 843(b) which defendant is charged with violating: they specify which communication device the defendant used, the telephone, and they specify the dates on which she used it. The government relies on *United States v. Rizzo*, 418 F.2d 71 (7th Cir. 1969), *cert. denied*, 397 U.S. 967, 90 S.Ct. 1006, 25 L.Ed.2d 260 (1970), in which this court rejected defendants' challenge to the indictment.

Defendants in *Rizzo* were charged with five counts of unlawfully using the United States mails between Chicago, Illinois and Charleston, South Carolina, with the intent to promote and carry on an unlawful business enterprise involving prostitution offenses, in violation of Illinois Revised Statutes, ch. 38, sections 11–14 through 11–19,[3] and that they thereafter performed and attempted to perform acts to further such unlawful activity in violation of 18 U.S.C. § 1952.[4] Defendants contended that the indictment was insufficient because it did not set forth the elements defined in the Illinois statutes relating to prostitution, and that the indictment was duplicitous because it alleged in each count an attempt to violate seven different sections of the Illinois code, without specifying which sections defendants allegedly violated. *Id.* at 74. This court rejected defendants' arguments because the gravamen of the charge was the violation of federal law which forbade the use of the mail to promote an activity made illegal under state law. Thus, it was unnecessary to allege the elements of the state substantive offense intended to be committed: the only offense charged was the use of an interstate facility, the mails, with the intent to promote or further an unlawful activity, prostitution, in violation of Illinois Revised Statutes, ch. 38, §§ 11–14 through 11–19. *Id.* The indictment was not duplicitous because each count alleged a single federal offense, and it was immaterial whether the unlawful enterprise intended would constitute a violation of one or a dozen state statutes. The allegation as to state law only identified as unlawful the enterprise which the use of interstate facilities was designed to promote. *Id.* at 75.

In our opinion the situation in *Rizzo* is significantly different from the present case and the government's analogy accordingly fails. In *Rizzo*, defendants knew they were charged with the use of the mails to promote and carry on an unlawful business enterprise involving prostitution in viola-

---

**3.** Illinois Revised Statutes, ch. 38, §§ 11–14 through 11–19 encompass all the prostitution offenses in Illinois, including the act of prostitution, soliciting for a prostitute, pandering, keeping a place of prostitution, patronizing and pimping.

**4.** 18 U.S.C. § 1952 makes it illegal to use any facility in interstate commerce, including the mails, to facilitate or promote an unlawful activity, defined as "(1) any business enterprise involving ... prostitution offenses in violation of the laws of the state in which they are committed...."

tion of certain Illinois statutes. Here, appellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of one hundred and forty-two controlled substances. The indictment tells her nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance. It is especially important that what she attempted to facilitate be spelled out because "facilitating" as used in 21 U.S.C. § 843(b) is intrinsically more vague than "promoting a business enterprise," with which defendants in *Rizzo* were charged. Furthermore, the indictment's specification of the date on which appellant allegedly used the phone in violation of 21 U.S.C. § 843(b) adds little if anything to her knowledge of the charges against her, given the frequency with which most people use the telephone during any one day.

▪ Therefore, we hold that an indictment issued for violations of 21 U.S.C. § 843(b) must specify the type of communication facility used, the date on which it was used, the controlled substance involved and some sort of statement of what is being facilitated with that controlled substance which constitutes a felony. *See United States v. Bolin*, 514 F.2d 554 (7th Cir. 1975). Without this crucial, minimal information, a defendant is deprived of her Sixth Amendment right to be apprised of the charges against her, and her Fifth Amendment right to establish a record to defend against the possibility of double jeopardy.

## II.

Appellant next argues that the district court erred in denying her motions for acquittal because the government failed to prove beyond a reasonable doubt that she was not entrapped. Instead, the district court instructed the jury on the issue of entrapment and the jury found her guilty.

▪ When the defendant raises the defense of entrapment and introduces some evidence showing government inducement and lack of predisposition to commit the offenses charged, the government must introduce sufficient evidence from which a jury could conclude beyond a reasonable doubt that defendant was predisposed to commit the offenses. *United States v. Wolffs*, 594 F.2d 77, 82 (5th Cir. 1979). If a jury finds that the defendant was predisposed, the defense of entrapment is eliminated, for the Supreme Court has stated that this defense may never be based upon governmental misconduct when the defendant is predisposed to commit the crime. *Hampton v. United States*, 425 U.S. 484, 489, 96 S.Ct. 1646, 1649–1650, 48 L.Ed.2d 113 (1976). The question in this case then, is whether, looking at the evidence in the light most favorable to the government,[5] a jury could conclude beyond a reasonable doubt that defendant was predisposed to conspire to distribute and to distribute methamphetamine and cocaine. *See United States v. Townsend*, 555 F.2d 152, 156 (7th Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 184 (1977).

Appellant's entrapment defense is based on the theory that she, a young (22), uneducated (high school dropout), unemployed mother whose husband had deserted her, was lured into a romantic relationship with Detective Holifield, an undercover drug agent with the St. Louis Police Force who told her he was a dentist. The facts in this case, seen in the light most favorable to the government, show that Holifield first met appellant when she was selling drugs at Busch Stadium in St. Louis. She sold Holifield some valium at this time. Holifield admitted that he was "nice" to her, that he told her he was a dentist, and that he told her "anything that a young girl that thought she had a new boyfriend wanted to hear." Holifield further testified that ap-

---

5. On review, we test the district court's denial of a motion for acquittal by the standard of whether substantial evidence, taken in the light most favorable to the government, tends to show that defendant is guilty beyond a reason-

able doubt. *United States v. Fearn*, 589 F.2d 1316, 1320 (7th Cir. 1978), *citing Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

pellant called him on several occasions to inform him that she, or her connection had cocaine to sell; that a drug transaction occurred almost every time he and appellant met; and that he never took her anywhere except to a tavern, while they were waiting for drugs to arrive or while they were planning another transaction. We believe a properly instructed jury could conclude, based on this evidence and appellant's admission that she sold valium to Holifield during their first meeting, that appellant was predisposed to distribute drugs.

We also reject appellant's argument that the government agent's conduct in this case, by allegedly inducing appellant to believe that he was romantically interested in her, was so "grossly shocking" as to violate her due process rights. While we do not condone all of agent Holifield's tactics in this case, his activity did not violate any of appellant's protected rights. *Hampton v. United States*, 425 U.S. 484, 490, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113 (1976).

Appellant's convictions and sentences on Counts One through Seven are accordingly affirmed, and her convictions and sentences on Counts Eight through Fourteen are vacated.