UNITED STATES of America, Plaintiff,

v.

Apolinar MARQUEZ, et al., Defendants.

No. 88 CR 86.

United States District Court,
N.D. Illinois, E.D.

May 25, 1988.

Anton R. Valukas, U.S. Atty. by Alexander S. Vesselinovitch, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Charles J. Aron, Chicago, Ill., for defendant Apolinar Marquez.

Nathan Diamond–Falk, Chicago, Ill., for defendant Luis E. Diaz.

Richard R. Mottweiler, Chicago, Ill., for defendant Carlos Mejia.

Thomas A. Gibbons, Chicago, Ill., for defendants Agapito Sanchez and Olga Velez.

Michael A. Unger, Chicago, Ill., for defendant John Abadia.

George C. Howard, Chicago, Ill., for defendant Ottie Snipe, Sr.

Sam Adam, Marc W. Martin, Chicago, Ill., for defendant Rezette Terry.

Bradley J. Harris, North Riverside, Ill., for defendant Hugo Santos.

Ralph E. Meczyk, Chicago, Ill., for defendant José Angel Claudio.

Lawrence H. Hyman, Chicago, Ill., for defendant Efrain Nunez.

Walter Jones, Chicago, Ill., for defendant Marshal Sprawls.

Gwen Anderson, Chicago, Ill., for defendant Dorothy Taylor.

Anita Carothers, Chicago, Ill., for defendant L.V. Johnson.

Julius Lucius Echeles, Chicago, Ill., for defendant C. Carr.

Luis M. Galvan, Chicago, Ill., for defendant Isabel Marquez.

William H. Theis, Chicago, Ill., for defendant Mason Townsend.

Daniel L. Franks, Chicago, Ill., for defendant Orlando Nunez.

Stephen M. Komie, Chicago, Ill., for defendant Tony Miller.

Miriam F. Miquelon, Chicago, Ill., for defendant Leon McNeely.

## ORDER

BUA, District Judge.

This order concerns defendants' various pre-trial motions. On May 12, 1988, this court granted all defendants' motions to adopt all relevant motions filed by co-defendants. As such, to the extent possible, each motion addressed below will apply to all defendants.

## DISCUSSION

### A. *Motions for Production and for Discovery*

An overwhelming number of defendants' discovery requests relate to evidence and materials which the government has already tendered to defendants. As a result, nearly all defendants' discovery motions are denied as moot.

1) Defendants move for immediate production of all Rule 16(a)(1) and § 3500 material. In light of the government's representations that all such evidence has been disclosed, defendants' motion is moot. To the extent defendants seek witness statements falling outside the scope of § 3500(e), their motion is denied.

2) Defendants also move for disclosure of all impeaching and exculpatory evidence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government notes that all *Brady* and *Giglio* materials have been provided to defendants with the exception of impeachment evidence concerning potential government witnesses. Although the government intends to disclose such evidence before its witnesses testify, the government gives no specific time for production of the requested information.

The law is clear that disclosure of impeachment evidence need not be made until trial as long as the defendant is not

prevented from receiving a fair trial. *Kompare v. Stein,* 801 F.2d 883, 890 (7th Cir.1986). Because evidence which is potentially impeaching merely goes to a witness' credibility, courts generally hold that disclosure in advance of trial is not required. *See United States v. Rinn,* 586 F.2d 113, 119 (9th Cir.1978) (collecting authority). In the present case, the government has made an early tender of all § 3500 material and promises to disclose relevant impeachment evidence prior to the testimony of each prosecution witness. To ensure each defendant is given adequate time to make effective use of the impeachment evidence and to avoid unnecessary delay at trial, the government is ordered to produce all impeachment evidence on June 3, 1988, three days prior to trial. As such, defendants' motion for pretrial disclosure of impeachment evidence is granted. Defendants seek disclosure of information relating to individuals who have knowledge concerning the charged offenses but will not be called as government witnesses. As noted, the government represents that all *Brady* materials have been or will be disclosed prior to trial. To the extent defendants seek information concerning nonwitnesses which exceeds the requirements of *Brady,* their motion is denied.

3) Defendants also request notice of the government's intention to use opinion testimony at trial. The government's response adequately apprises defendants of prospective expert witnesses the government may call and thus moots defendants' motion.

4) Defendants' motion for discovery of mail interception and notice of intention to offer Fed.R.Evid. 803(23) evidence at trial is also moot in light of the disclosures contained in the government's reply.

5) Defendants' motion for production of police and other governmental reports, foreign and domestic, concerning defendants is denied to the extent such reports are not otherwise discoverable under § 3500, *Brady* or Rule 16(a)(1).

6) Defendants' motion for disclosure of electronic surveillance is moot in light of the government's representation that all materials relevant to such surveillance have been provided or made available to defendants.

**B. *Motion for Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence***

■ Defendants move for an order requiring the government to provide notice of its intention to use evidence of other crimes under Fed.R.Evid. 404(b) and evidence of specific acts of conduct under Fed.R.Evid. 608(b). Defendants seek disclosure of the government's intention to use such evidence in its case-in-chief, during the cross-examination of each defendant, and in its rebuttal case. Rule 12(d)(2) of the Federal Rules of Criminal Procedure provides:

At the arraignment or as soon thereafter as is practicable, the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this Rule, request notice of the government's intention to use (*in its evidence in chief at trial*) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in Rule 16. (Emphasis added).

In its response to defendants' motion, the government discloses all Rule 404(b) evidence which will be offered in its case-in-chief. The government objects to disclosure of Rule 404(b) evidence which may be used during cross-examination or rebuttal. The plain language of Rule 12(d)(2) limits pretrial discovery to Rule 16 evidence which will be offered in the government's case-in-chief. *United States v. Climatemp, Inc.,* 482 F.Supp. 376, 391 (N.D.Ill. 1979) *aff'd* 705 F.2d 461 (7th Cir.1983). Other crimes, wrongs or acts evidence which the government may seek to introduce on cross-examination or during rebuttal is not subject to pretrial disclosure. *Id.* Similarly, defendants' motion to discover any information which the government might attempt to utilize during cross-examination falls outside the scope of required disclosure under Rules 12(d)(2) and 16(a)(1). The government is not obligated to provide defendants with everything in its possession about which defendants might be cross-examined if they testify at trial. As

such, defendants' motion for notice of Rule 404(b) and 608(b) evidence which the government may introduce during cross-examination or rebuttal is denied. Defendants' motion concerning notice of Rule 404(b) evidence which the government shall use during its case-in-chief is denied as moot in light of the government's response.

### C. *Motion for Preservation of Agents' Notes and Reports*

Defendants move for preservation of any handwritten notes and reports of government agents. The government agrees to preserve all such materials and has disclosed copies of all handwritten surveillance reports to defendants. As such, defendants' motion is denied as moot.

### D. *Motions for Preliminary Determination of Admissibility of Co-Conspirator Statements*

According to Fed.R.Evid. 801(d)(2)(E), a statement is not excludable as hearsay if it is made by a co-conspirator during the course and in furtherance of the conspiracy. To satisfy the requirements of Rule 801(d)(2)(E), the government must establish, by a preponderance of evidence, that a conspiracy existed, that the defendant and declarant were members of that conspiracy, and that the offered statement was made during the course of and in furtherance of the conspiracy. *United States v. Santiago,* 582 F.2d 1128, 1135 (7th Cir. 1978).

Defendants first move for a pretrial hearing to determine the admissibility of co-conspirators statements. In the alternative, defendants move for an order requiring the government to submit a written proffer of its evidence prior to trial supporting admission of co-conspirator statements.

■ In response to defendants' motions, the government filed a written proffer of proof in which it seeks to establish the requirements of *Santiago* are met. The government takes the position that *Santiago* does not require a pretrial hearing to establish the admissibility of co-conspirators' statements offered under Rule 801(d)(2)(E). Instead, the government urges this court to make a preliminary finding of admissibility based on the government's written proffer.

In complying with the requirements of *Santiago,* a district court "has the option of requiring the government to present a proffer of proof on the declarations and conspiracy that it will offer at trial. The court can then decide whether, if the government proves what it has proffered, the requirements of *Santiago* will be met." *United States v. Andrus,* 775 F.2d 825, 837 (7th Cir.1985). As the *Andrus* court emphasized, the proffer method has the advantage of economy since witnesses need not testify twice and the court need not expend an excessive amount of time making a determination which is only preliminary. *Id.* On an appropriate motion by a defendant at the close of all evidence, the district court will determine whether the evidence admitted at trial substantiated the proffer. *United States v. Boucher,* 796 F.2d 972, 974 (7th Cir.1986).

As the Seventh Circuit does not require pretrial admissibility hearing and the government has already provided a written *Santiago* proffer, defendants' motions are denied. Based on the government's proffer, the issue now becomes whether the government meets the requirements for a preliminary finding of admissibility.

Recently, in *Bourjaily v. United States,* —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), the Supreme Court addressed the appropriate standard of proof needed to admit co-conspirators' statements under Fed.R.Evid. 801(d)(2)(E). The Court ruled that a district court making a preliminary factual determination under Rule 801(d)(2)(E) may examine the hearsay statements sought to be admitted. *Id.* 107 S.Ct. at 2782. This holding effectively overrules the requirement in *Santiago* that admissibility be determined solely on the basis of independent evidence. *Bourjaily* makes clear that all evidence, including the hearsay statements themselves, can be considered for the purpose of making a preliminary determination of admissibility under Rule 801(d)(2)(E). *Id.*

■ The nature of a conspiracy is such that its existence and the involvement of its

co-conspirators in it must often be established by circumstantial evidence. *United States v. Whaley*, 830 F.2d 1469, 1473 (7th Cir.1987). Thus, the government need not show that a formal agreement to conspire existed; circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship of the parties, their overt acts, and the totality of their conduct may serve as proof. *Id.*

■ A defendant joins a conspiracy if he agrees with a conspirator to participate in the project or enterprise that is the object of the conspiracy and knowingly acts in furtherance of that object. *United States v. Boucher*, 796 F.2d at 975. Whether a defendant knows, has met with, or agreed with every co-conspirator is immaterial. *Id.* Similarly, the government need not show that a defendant knew each detail of the conspiracy or played more than a minor role. *United States v. Towers*, 775 F.2d 184, 189 (7th Cir.1985). As long as the conspiracy continues and its goal is to achieve a common objective, parties may still be found guilty even though they join or terminate their relationship with the core conspirators at different times. *United States v. Davis*, 838 F.2d 909, 913 (7th Cir.1988). Once a conspiracy has been established, the government need only offer slight evidence to prove that an individual was a member of the conspiracy. *Whaley*, 830 F.2d at 1473.

■ Defendants are charged in Count One with a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. The government expects the evidence to show that defendants Apolinar Marquez and Luis Diaz are heroin, cocaine, and marijuana traffickers who obtain their drugs from other indicted and unindicted co-conspirators and who then supply them to various indicted dealers. The government expects to prove the drug distribution conspiracy and all defendants' participation therein through (1) the testimony of witnesses, (2) the admission of surveillance photographs, videotape recordings of undercover narcotics transactions, consensual audio tape recording of telephone conversations (wiretaps), telephone records of incoming and outgoing calls (traps and pen register data), and telephone subscriber records, and (3) the admission of physical evidence of cocaine and heroin purchased by undercover agents.

The government's proffer details numerous drug distribution transactions involving certain defendants and undercover agents. The government states that these transactions will be established at trial through the testimony of undercover agents, surveillance agents, and a confidential informant, as well as consensual audio and videotape recordings and surveillance photographs. During the course of the government's investigation, the telephone of defendant Marquez and an auto repair business were intercepted. As a result, numerous telephone conversations with all defendants concerning drug distribution activities were intercepted. The government expects to prove all defendants' participation in the charged conspiracy at trial by introducing audio recordings and transcripts of the noted phone conversations.

The government's proffer is sufficient to support a preliminary finding of admissibility under Rule 801(d)(2)(E). Viewed in light of the relevant case law, the evidence described above sufficiently demonstrates a conspiracy to possess and distribute controlled substances existed during the period charged in the indictment. Similarly, the taped telephone conversations, observations of undercover agents and informants, and controlled substances recovered indicate that each defendant was a member of the conspiracy and that the statements which will be offered as evidence were made during the course of and in furtherance of the charged conspiracy. Thus, this court will conditionally admit statements of alleged coconspirators offered pursuant to Rule 801(d)(2)(E) subject to proof by a preponderance of evidence at trial that the requirements noted in *Santiago* are met. Defendants' specific objections to admissibility of statements offered by the government as co-conspirator declarations will be addressed at trial.

### E. *Motion for Bill of Particulars*

■ Pursuant to Fed.R.Crim.P. 7(f) a court may order the filing of a bill of particulars whenever the indictment fails to

sufficiently apprise a defendant of the charges in the indictment. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). This decision turns on whether the requested particularization is necessary to a defendant's preparation for trial and to avoid unfair surprise at trial. *Id.* In analyzing these factors, the court may consider whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to unobjected requests for particulars, prior proceedings, and the indictment itself. *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.1985) *citing* 1 C. Wright, Federal Practice and Procedure § 129 (2d Ed.1985).

■■■ The indictment contains a narcotics conspiracy count, a number of substantive narcotics distribution counts, and a number of counts relating to the use of the telephone in furtherance of narcotics activity. The conspiracy count specifies the dates of operation of the conspiracy, the location of telephones used to facilitate narcotics deals, and the types of controlled substances involved. The distribution and telephone counts note the dates of possession, and dates, times, and parties to the telephone conversations. As previously noted, the government has provided all defendants with substantial discovery including every tape recording and surveillance report made in this case. In light of indictments' specificity and the discovery provided, defendants have been given sufficient information to prepare for trial and avoid prejudicial surprise. As such, their motion for a bill of particulars is denied.

### F. *Motions to Dismiss*

Defendants move to dismiss the conspiracy count on the grounds that it charges multiple conspiracies to distribute controlled substances rather than a single conspiracy with a common objective and purpose. Defendants also assail the telephone facilitation counts on the basis they are vague and conclusory. These motions will be addressed in turn.

■■■ In *United States v. Varelli*, 407 F.2d 735 (7th Cir.1969), the Seventh Circuit discussed the factors distinguishing a single conspiracy from multiple conspiracies:

> The distinction must be made between the separate conspiracies, where certain parties are common to all, and one overall continuing conspiracy with various parties joining and terminating their relationship at different times. Various people knowingly joining together in furtherance of a common design or purpose constitute a single conspiracy. While the conspiracy may have a small group of core conspirators, other parties who knowingly participate with these core conspirators and others to achieve a common goal may be members of an overall conspiracy.
>
> In essence, the question is what is the nature of the agreement. If there is one overall agreement among various parties to perform different functions in order to carry out the objectives of the conspiracy, the agreement among all of the parties constitutes a single conspiracy....

*Id.* at 742 (citations omitted). Certain defendants note that Count One charges them with conspiracy to distribute heroin, cocaine, and marijuana, while the substantive counts only charge them with distribution of cocaine. These defendants argue that several separate conspiracies are implicated in Count One depending on which controlled substance or combination of controlled substances they allegedly conspired to distribute. A reading of Count One clearly indicates that the common goal of the conspiracy was the sale of drugs for profit. Each separate drug transaction was a step in achieving that common goal. Each defendant need not agree to or participate in every step or facet of the common plan to be a party of the conspiracy. *United States v. Read*, 658 F.2d 1225, 1230 (7th Cir.1981). As long as the conspiracy continues and its goal is to achieve a common objective—such as the possession and distribution of controlled substances—each defendant is liable for the overt acts of every other co-conspirator done in furtherance of the conspiracy. *Id.* "To separate the drug conspiracy at issue into multiple conspiracies pertaining to each drug transaction would not only be artificial, but

would distort the common goal of the conspiracy." *United States v. Adams,* 759 F.2d 1099, 1110 (3d Cir.1985). When the indictment, as here, charges the "hub" of the conspiracy—one dealing with all peripheral figures who do not necessarily deal with each other—it is usually unnecessary to draw attention to ways in which the plan might be recast as a series of more limited transactions. *United States v. Wozniak,* 781 F.2d 95, 98 (7th Cir.1985). As this court finds Count One adequately charges a single conspiracy with a common objective and purpose, defendants' motion to dismiss Count One is denied.

■ Defendants' second motion focuses on the degree of specificity contained in the telephone facilitation counts charged under 21 U.S.C. § 843(b). Relying on *United States v. Hinkle,* 637 F.2d 1154 (7th Cir. 1981), defendants assert that the telephone counts are defective because they fail to specify the controlled substance which defendants sought to distribute through the use of the phone.

In *Hinkle,* the court ruled that an indictment charging a violation of § 843(b) must contain certain details about the offense. *Id.* at 1158. The telephone facilitation counts presently at issue meet all the requirements noted in *Hinkle* with the exception of one: They do not name the particular controlled substance or substances discussed during the phone conversations. Instead, the phone facilitation counts refer to the three controlled substances specified in Count One. However, a comparison of the present indictment and the one in *Hinkle* reveals important differences. Unlike *Hinkle,* the indictment notes the exact time of the telephone communication on a particular date and the persons involved in the communication. Additionally, the present indictment differs from that in *Hinkle* in that it states the specific offenses which were facilitated by the telephone communications. The indictment in *Hinkle* merely charged facilitation of an offense under 21 U.S.C. § 841(a)(1) without identifying which of the six acts prohibited by that section the defendant had facilitated. Because the phone facilitation counts contain far more detail than those found deficient in *Hinkle,* and specifically refer to the controlled substances noted in Count One, *Hinkle* is not controlling. In *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Supreme Court articulated the following test for judging the sufficiency of an indictment:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Id.* at 117, 94 S.Ct. at 2907.

Under this test, the telephone facilitation counts charged against defendants are sufficient. The counts charge violation in the language of § 843(b) as to specifically identified phone calls. The details contained in the indictment provide defendants with sufficient notice of the offenses charged and allow defendants to plead an acquittal or conviction as a bar to future prosecution. *See United States v. Adams,* 759 F.2d 1099, 1117 (3d Cir.1985). Accordingly, defendants' motion to dismiss the telephone counts is denied.

### G. *Motion for Severance and Separate Trial*

Defendants move that they be severed from their co-defendants for trial asserting joinder is improper under Fed.R.Crim.P. 8(b) and unreasonably prejudicial under Fed.R.Crim.P. 14. According to Rule 8(b), "defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b). Generally, the mere charging of a conspiracy count linking together substantive counts against various defendants fully satisfies Rule 8(b)'s relatedness requirement and justifies joinder. *United States v. Garza,* 664 F.2d 135, 143 (7th Cir.1981). Count One of the present indictment meets the requirements of Rule 8(b). The conspiracy count charges all defendants with conspiring to possess and distribute controlled substances. The substantive offenses with which all defend-

ants are charged are all alleged to be overt acts in furtherance of the conspiracy.

 Defendants assert that without the conspiracy count, the other charges in the indictment would be improperly joined under Rule 8(b). However, absent proof of prosecutorial misconduct, a court should assume joinder is sought with the reasonable expectation that sufficient proof of a conspiracy is forthcoming at trial. *Brandom v. United States*, 431 F.2d 1391, 1396 (7th Cir.1970). Based on the government's *Santiago* proffer, little doubt exists that the government possesses sufficient evidence to prove the existence of the charged conspiracy. The burden of demonstrating prosecutorial bad faith rests with defendants. *United States v. Garza*, 664 F.2d at 142. Given this burden, defendants' conclusory statements that a conspiracy cannot be proven is insufficient. As such, joinder is proper under Rule 8(b).

 Defendants next argue that if they are jointly tried, undue prejudice will result from the introduction of evidence against their co-defendants which does not pertain to offenses with which they are charged. In deciding whether several defendants joined in the same indictment should be jointly tried, a court must balance the government's interest in jointly trying related incidents and defendants, against the prejudice to a defendant of possibly having multiple offenses and participants confused with each other. *Garza*, 664 F.2d at 143. Although defendants assert they are not recorded on a bulk of the tapes upon which the government's case primarily rests, the law is clear that a spillover of proof from other defendants, standing alone, is insufficient to establish prejudice. *United States v. Hedman*, 630 F.2d 1184, 1200 (7th Cir.1980). Defendants' argument also overlooks the effect of the conspiracy count in which they are all charged. Once a conspiracy and defendants' knowing participation therein is established, evidence of the acts of their co-conspirators made after they joined the conspiracy is admissible against them. Thus, even if severance were granted, much of the same evidence would be admitted in separate trials as acts in furtherance of the conspiracy. Where a charge against

all defendants may be proved by the same evidence and results from the same series of acts, a joint trial of all defendants is strongly favored. *United States v. Ras*, 713 F.2d 311, 315 (7th Cir.1983). As defendants fail to establish that joinder will result in an unfair trial and are unable to counterbalance the government's interest in avoiding a multiplicity of trials, defendants' motion for severance is denied.

### H. *Motion to Suppress Intercepted Communications*

Defendants next move to suppress intercepted communications derived from a judicial order dated March 27, 1987, authorizing a wiretap on the telephone of defendant Marquez. Defendants argue that the application seeking judicial authorization to intercept and record communications on Marquez' telephone and its supporting affidavit fail to demonstrate that normal investigative techniques had been tried, were likely to fail, or were too dangerous under the circumstances. Although such a showing is required by 18 U.S.C. §§ 2518(1)(c), (3)(c), the application and supporting affidavit at issue establish that the wiretap order was properly issued.

 The affidavit accompanying the March 27, 1987 application indicates that normal investigative techniques had been tried without success in the penetration and identification of defendant Marquez' sources of controlled substances. The affidavit states that the confidential informant participating in the investigation had only "street level" information with respect to defendants' distribution ring and was unable to furnish information about the organization's hierarchy. Although the affidavit notes that certain named defendants had been arrested and were in custody at the time of the application, they had been uncooperative and showed no sign of aiding the investigation. The affidavit details undercover agents' success in purchasing controlled substances from certain defendants but underscores defendants' reluctance to introduce the agents to other members of their distribution ring. The affidavit also notes that further surveillance of defend-

ant Marquez' residence was unlikely to identify any previously unknown members of the distribution organization and that additional surveillance measures posed a strong likelihood enlarged surveillance might be detected in Marquez' neighborhood. Finally, the affidavit advises use of telephone records could not provide details concerning the identities of the callers or the time, place, or manner of delivery or distribution of controlled substances. Sections 2518(1)(c) and (3)(c) are not designed to force the government to exhaust all other conceivable investigative procedures before resorting to wiretapping. *United States v. Apodaca*, 820 F.2d 348, 350 (10th Cir.1987); *United States v. Young*, 822 F.2d 1234, 1237 (2d Cir.1987). The requirements of §§ 2518(1)(c) and (3)(c) are simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime. *United States v. Cole*, 807 F.2d 262, 267 (1st Cir.1986). Wiretapping is particularly appropriate when the telephone is routinely relied on to conduct the criminal enterprise under investigation. *Young*, 822 F.2d at 1237. That is precisely the case here: Defendants relied on the telephone and on pager devices to ply their drug trade. Although the government carries the burden of establishing compliance with § 2518(1)(c), the foregoing facts amply show the March 27, 1987 order was properly issued. As such, defendants' motion to suppress intercepted communications is denied.

### I. *Motion for List of Witnesses*

 Finally, defendants request that the government be ordered to produce a list of witnesses prior to trial. Although a district court in its discretion may order the production of a list of government witnesses prior to trial, a defendant possesses no constitutional right to such information. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845–46, 51 L.Ed.2d 30 (1977). Disclosure of prospective government witnesses is nevertheless appropriate when a defendant makes a particularized showing that the list is both material to the preparation of the defense and reasonable in light of all the circumstances. *See United States v. Sclamo*, 578 F.2d 888, 890 (1st Cir.1978). Defendants do not articulate any compelling reason for disclosure other than a general need to prepare for cross-examination. Moreover, in light of the liberal discovery already afforded to defendants, the identity of many if not all of the government's witnesses should be apparent. As such, defendants' motion for a list of witnesses is denied.

### CONCLUSION

Defendants' motions for discovery, with the exception of disclosure of impeachment evidence concerning government witnesses, are denied. The government is ordered to produce all impeachment evidence three days prior to trial. Defendants' motion for notice of intention to use other crimes, wrongs or acts evidence during the government's case-in-chief is denied as moot in light of the government's response. Defendants' motion for notice of Fed.R.Evid. 404(b) and 608(b) evidence during the cross-examination of defendants or during the government's rebuttal case is denied. Defendants' motion for preservation of agents' notes and reports is denied as moot. Defendants' motion for a *Santiago* hearing is denied and motion for a *Santiago* proffer is moot. The government's proffer of proof supports a preliminary finding of admissibility of co-conspirators' statements under Fed.R.Evid. 801(d)(2)(E). Finally, defendants' motions to dismiss, to suppress, for a bill of particulars, for a witness list, and for severance are denied.

IT IS SO ORDERED.