**UNITED STATES of America, Plaintiff,**

v.

**Henry ANDREWS, et al., Defendants.**

**No. 89 CR 0908.**

United States District Court,
N.D. Illinois, E.D.

Nov. 14, 1990.

See also 754 F.Supp. 1195, 754 F.Supp. 1197.

William Hogan, Ted Poulous, Asst. U.S. Attys., Chicago, Ill., for U.S.

Gary Ravitz, Chicago, Ill., for Henry Andrews.

Robert Clarke, Chicago, Ill., for Thomas Bates.

Edna Selan Epstein, Chicago, Ill., for Jeff Boyd.

Sheldon Nagelberg, Chicago, Ill., for George Carter.

Victor Pilolla, Oak Park, Ill., for Edgar Cooksey.

David Thomas, Chicago, Ill., for Andrew Craig.

Carl Clavelli, Chicago, Ill., for Jerome Crowder.

Standish Willis, Chicago, Ill., for Lawrence Crowder.

Marianne Jackson, Chicago, Ill., for William Doyle.

Rick Halprin, Chicago, Ill., for Charles Green.

Jim Epstein, Chicago, Ill., for Louis Hoover.

Chris Averkiou, Chicago, Ill., for J.L. Houston.

Robert Raab, Chicago, Ill., for Isiah Kitchen.

Marc Kadish, Chicago, Ill., for Alan Knox.

James A. McGurk, Chicago, Ill., for Sammy Knox.

Keith Spielfogel, Chicago, Ill., for Roland Lewis.

Ron Clark, Chicago, Ill., for Felix Mayes.

Marty Agran, Chicago, Ill., for Derrick Porter.

Adam Bourgeois, Chicago, Ill., Robert F. Simone, Philadelphia, Pa., for Noah Robinson.

James Graham, Chicago, Ill., for Michael Sardin.

Ron Bredemann, Park Ridge, Ill., for James Speights.

Rick Jalovec, Chicago, Ill., for Freddie Elwood Sweeney.

June Fournier, RFD Long Grove, Ill., for Melvin Tillman.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Henry Andrews, Jerome Crowder, and Michael Sardin have moved to dismiss the indictment in this case contending that it is unconstitutionally vague. For the following reasons, these motions are denied.

### I. Indictment

The 305–page, 175–count indictment in this case charges the moving defendants and thirty-five others with violations of the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d) (1988). It details more than 250 separate racketeering acts committed in furtherance of an alleged RICO "enterprise," the infamous El Rukn street gang. See 18 U.S.C. § 1961(4) (1988). These acts include at least twenty murders, twelve attempted murders, eleven conspiracies to murder, one act of kidnapping, and numerous violent acts of obstruction of justice. The indictment also charges dozens of narcotics-related offenses, including the possession and distribution of narcotics in violation of 21 U.S.C. § 841(a)(1) (1988), the use of a communication facility to further narcotics offenses in violation of 21 U.S.C. § 843(b) (1988), and interstate travel with intent to further narcotics offenses in violation of 18 U.S.C. § 1952 (1988).

### II. Discussion

The defendants claim that the indictment is unconstitutionally vague in numerous respects.[1] Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R. Crim.P. 7(c)(1). This Rule reflects the mandates of the Fifth and Sixth Amendments to the Constitution. The Fifth Amendment states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...." The Sixth Amendment provides that the accused has the right "to be informed of the nature and cause of the accusation...." The sufficiency of the indictment under Rule 7 and the Fifth and Sixth Amendments "is not a question of whether it could have been made more definite and certain." *United States v. Garcia–Geronimo*, 663 F.2d 738, 743 (7th Cir.1981) (quoting *United States v. Debrow*, 346 U.S. 374, 378, 74 S.Ct. 113,

---

1. The defendants also generally complain that the indictment is vague as a whole without pointing to any specific deficiency. We decline to search the entire 305–page indictment for such constitutional error, and instead confine our discussion to the more specific claims made by the defendants.

115, 98 L.Ed. 92 (1953)). To be sure, virtually every indictment could be made more "definite and certain" in at least some respect. Rather, the question is whether the indictment, when read with a common-sense and practical approach,

> (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to meet, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.

*Ballard v. Bengston*, 702 F.2d 656, 660 (7th Cir.1983) (citing *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962)); *see also United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir.1985) ("court should consider the challenged count as a whole and should refrain from reading it in a hypertechnical manner"). Because the indictment here satisfies each of these criteria,[2] it is not unconstitutionally vague.

### A. Elements of Offense

▇▇▇ The requirement that the indictment contains each element of the charged offense derives from the Fifth Amendment, which requires the grand jury to find that there is probable cause to support each element.[3] *See Russell*, 369 U.S. at 760–62, 82 S.Ct. at 1045–46; *Hooker*, 841 F.2d at 1230. Only defendant Crowder contends that the indictment is insufficient in this regard. He argues that "none of the racketeering acts concerning the various murders comports with the statutory language" of the Illinois murder statute, Ill. Rev.Stat. ch. 38, para. 9–1 (1989), and, with-

out setting forth any specifics, contends that these alleged acts fail to state "the essential elements of the statute." Of course, there is no requirement that an indictment parrot the language of a statute; the inquiry is merely whether it clearly sets forth all of the elements of the offense. *See Garcia–Geronimo*, 663 F.2d at 742–43 ("[i]n determining whether an essential element of the crime has been omitted from the indictment, courts will not insist that any particular word or phrase be used"). As to this aspect of Crowder's claim, our review leads to a contrary conclusion.

▇▇▇ The essential elements of murder under § 9–1 are very simple and indeed are simply plead. A person is guilty of murder under § 9–1 if, without lawful justification, in performing acts that cause death, he (1) intended to kill or do great bodily harm; (2) knew that his acts created a strong probability of death or great bodily harm; or (3) was attempting or committing a forcible felony other than second degree murder. *See People v. Harris*, 72 Ill.2d 16, 23–24, 17 Ill.Dec. 838, 841, 377 N.E.2d 28, 31 (1978). The essential elements of this statute are alleged as to each of the charged murders despite the fact that the government does not quote the statute's language. As to each of these murders, the indictment expressly contends that the named defendants "did knowingly and intentionally kill and cause to be killed [the victim] without lawful justification." This is sufficient. It "fully, directly, and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offense intended to be punished." *Ham-*

---

2. In most cases, these three requirements are inseparable and, as a practical matter, stand and fall together. *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir.1988). However, in this case, because the defendants address the requirements separately, we will discuss them separately.

3. The government misses this point entirely. It treats the defendants' vagueness claims as if they are a request for a bill of particulars. While these matters are related, they are clearly distinct. The requirement that the indictment state each element of the offense prevents the prosecutor or judge from usurping the power of

the grand jury. "To allow either to make an ex post facto guess as to what was in the minds of the grand jury members at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Ballard*, 702 F.2d at 661 n. 2 (quotation omitted). Consequently, the indictment itself must set forth the essential elements because "a bill of particulars cannot save an unconstitutionally vague indictment." *Id.* at 661. Thus, the government's cited authority relating solely to the necessity of a bill of particulars is, in large part, beside the point.

*ling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (quoting *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1882)). Therefore, contrary to Crowder's suggestion, the indictment clearly states the essential elements of § 9–1 as to each of the charged murders.

### B. Sufficient to Prepare Defense

■ Although generally an indictment is sufficient if it alleges each of the elements of the charged offense, it is "insufficient where additional information is necessary to provide the accused with a clear understanding of the specific charges against him." *United States v. Horton,* 676 F.2d 1165, 1169 (7th Cir.1982), *cert. denied,* 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983). This requirement derives from a defendant's Sixth Amendment right to be informed of the nature and cause of the accusation. *Hooker,* 841 F.2d at 1230. It enables him to adequately prepare a defense to the charges that have been lodged. *Horton,* 676 F.2d at 1169.

■ In this regard, each of the moving defendants argues that the indictment is unconstitutionally vague because it fails to name every member of the various alleged conspiracies. They point to numerous examples where the indictment lists a large number of conspirators by name, but adds that there were other conspirators "known and unknown to the Grand Jury." While this is true, it does not render the indictment unconstitutionally vague. The fact that the indictment refers to unspecified others, "rather than naming the co-conspirators does not automatically render the indictment invalid." *United States v. American Waste Fibers Co.,* 809 F.2d 1044, 1046 (4th Cir.1987); *see also United States v. Kramer,* 711 F.2d 789, 796 (7th Cir.) (discussing variance between indictment and proof, court states that there is "no requirement that a conspiracy indictment identify uncharged co-conspirators"), *cert. denied,* 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 339 (1983). The crux of a conspiracy offense is the unsavory agreement between two or more parties, not the particu-

lar identity of the conspirators. *Id.* Indeed, "one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States,* 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951). Thus, the government's failure to name every conspirator does not unduly impair the defendants' ability to defend against the conspiracy charges. While the inclusion of the names of other conspirators may be helpful to prepare a defense, their omission does not render the indictment unconstitutionally vague.

■ The defendants also complain of the indictment's omission of numerous other details of the various alleged conspiracies, including its failure to specify "when, where, and in what manner each defendant became a member of each of the alleged conspiracies," the precise duration and time frame of each conspiracy, and "how or in what manner the conspirators" made their illicit agreement. These specific details of conspiratorial activity are not necessary to a proper indictment because the nature of a conspiracy does not lend itself to the ultimate proof of such information. As stated by the Supreme Court in *Blumenthal v. United States,* 332 U.S. 539, 557, 68 S.Ct. 248, 256, 92 L.Ed. 154 (1947), "secrecy and concealment are essential features of successful conspiracy. The more completely they are achieved, the more successful the crime." Accordingly, if these details were necessary to a proper indictment and a subsequent conspiracy conviction, "the difficulties, not only of discovery, but of certainty of proof and correlating proof with pleading would become insuperable, and conspirators would go free by their very ingenuity." *Id.; see also Hooker,* 841 F.2d at 1229 ("an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense"); *cf. United States v. Wilson,* 565 F.Supp. 1416, 1439 (S.D.N.Y. 1983) (denying motion for bill of particulars regarding information about specific conduct of conspirators). Therefore, the indictment here is not unconstitutionally vague for its failure to include such information. Indeed, the government has provided the defendants with more than ample

information. It provides the names of numerous indicted and unindicted conspirators, the purpose and motive of each conspiracy, approximate and sometimes rather precise dates of duration, the statute violated by each conspiracy's intended object, and various other details regarding the criminal methods employed by the conspirators.[4] This is certainly sufficient to apprise the defendants of the nature of the charges that they must be prepared to meet.

Defendant Crowder additionally complains that the indictment fails to give sufficient information about the offenses in violation of 21 U.S.C. § 843(b), the use of a communication facility to further narcotics offenses. This contention is particularly hard to understand. According to the court in *United States v. Hinkle*, 637 F.2d 1154, 1158 (7th Cir.1981), a § 843(b) charge is constitutionally sufficient if it specifies "the type of communication facility used, the date on which it was used, the controlled substance involved and some sort of statement of what is being facilitated with the controlled substance which constitutes a felony." *But see United States v. Marquez*, 686 F.Supp. 1354, 1363 (N.D.Ill.1988) (finding indictment sufficient even though it did not specify controlled substance because in other respects charges contained "far more detail than those found deficient in *Hinkle*"). For each charge here, the government states that a telephone was used to facilitate the commission of a "conspiracy to possess with intent to distribute and to distribute heroin, cocaine, and marijuana" in violation of 21 U.S.C. § 846 (1988), and identifies the location from which the illegal phone call was placed, the date and time of the phone call to the exact minute, and the persons involved in the conversation. Other than the precise content of the conversation, which is certainly not required, we can not imagine what further information could be necessary to adequately prepare a defense. Thus, Crow-

---

**4.** The various conspiracies are alleged in both Count One, RICO conspiracy, and Count Two, substantive RICO. In Count One, the government describes these conspiracies in considerable detail, but, in Count Two, it realleges them in somewhat skeletal fashion. While Count Two sets forth the essential elements of each of the charged conspiracies, many of the details contained in Count One are not realleged. This raises an issue that recently has been the source of disagreement among the circuit courts.

Some circuits have held that an insufficient count may not be bolstered by other counts unless the other counts are expressly incorporated into the challenged count by reference. According to the Fourth Circuit in *Hooker*, "a missing element [in one count cannot] be read into the indictment from another count—at least not when the challenged count fails to incorporate the other counts by reference." 841 F.2d at 1231; *see also United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir.1979) (refusing to read element contained in other counts into insufficient count because the indictment did not expressly incorporate the other counts by reference); *United States v. Staggs*, 881 F.2d 1527, 1537–40 (10th Cir.1989) (Ebel, J., dissenting) (arguing that count should be viewed alone because other counts are not incorporated by reference), *cert. denied*, —— U.S. ——, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990). We find it difficult to reconcile such a holding with the constitutional foundations of the requirements of a proper indictment. The important concerns in this regard are (1) that the indictment is suffi-

ciently informative so as to enable the defendant to defend against its charges, (2) that, as a factual matter, the grand jury found sufficient evidence of each element of the charges, regardless of the indictment's structure, and (3) that the indictment provides adequate protection against double jeopardy. *See Russell*, 369 U.S. at 763–64, 82 S.Ct. at 1047. As long as these concerns are met, an indictment should not be considered unconstitutionally vague—whether or not it is drafted correctly with the appropriate phrases indicating incorporation by reference. *See United States v. Esposito*, 771 F.2d 283, 288–89 (7th Cir.1985) (indictment held sufficient where indictment read as a whole put defendants on notice of element missing from challenged count; dismissal "would be an extreme example of technicality"), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1187, 89 L.Ed.2d 302 (1986); *Staggs*, 881 F.2d at 1531 (indictment is sufficient if it contains all elements of crime charged and it "need not have explicitly incorporated by reference [elements] listed elsewhere in the indictment"). Any other approach would be unduly technical and wholly unrelated to the constitutional underpinnings of a vagueness review.

Consequently, in this case, we believe it is appropriate to look to the Count One conspiracies when considering the sufficiency of the Count Two conspiracies, particularly because the two counts are clearly alleging the very same criminal acts. Nevertheless, even if the Count Two conspiracies are viewed alone, although a closer question, we find them constitutionally sufficient.

der's contention that the telephone counts do not sufficiently apprise him of the charges he must be prepared to meet is without merit.

### C. Double Jeopardy

The defendants also claim that the indictment is so vague that they will be unable "to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *Ballard,* 702 F.2d at 660. Because each of the defendants make this claim generally, without elaborating or pointing specifically to any one of the 175 counts in the indictment, we assume that they are referring to the proffered inadequacies discussed above. On this ground also, the defendants' claims must fail.

The details provided by the indictment, in both their volume and precision, identify the alleged crimes with such specificity that there is simply *no danger* that the defendants could be prosecuted again for the offenses charged. As we have noted, the telephone counts give a variety of detail including the *exact minute* that each of the illegal phone calls was placed. It is, thus, decidedly implausible that any such phone call could be the subject of a subsequent prosecution for the same offense. The extensive details provided with respect to each alleged conspiracy make it equally implausible that any of them could be the subject of a second prosecution. Consequently, the defendants' claim that the indictment is unconstitutionally vague because it will not ensure their protection from double jeopardy also fails.[5]

### Conclusion

Because the indictment in this case satisfies the three-part inquiry identified by the Seventh Circuit in *Ballard,* it is constitutionally sufficient. Although this voluminous and far-reaching indictment can be criticized on many fronts, *see United States v. Andrews,* 754 F.Supp. 1161 (N.D. Ill.1990), its lack of a sufficient degree of

detail is not one of them. Accordingly, the defendants' motions to dismiss the indictment as unconstitutionally vague are denied. It is so ordered.

---

5. In any event, "[t]he entire record in this proceeding is admissible in any subsequent criminal proceeding to prove that [the] defendant[s] ha[ve] already been prosecuted for the same

offense." *Kramer,* 711 F.2d at 796; *see also Staggs,* 881 F.2d at 1530. This further ensures the defendants' protection from double jeopardy.